## WILLENSKY v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. February 27, 1914.)

1. STREET RAILROADS (§ 99*)—CROSSING TRACK—CONTRIBUTORY NEGLIGENCE.

The plaintiff, who obeyed a motorman's order to drive his horse across the track, was not negligent in so doing, since the motorman knew the condition of his car and his ability to control it so as to permit the execution of his order.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 209–216; Dec. Dig. § 99.*]

2. APPEAL AND ERROR (§ 263*)—GROUNDS OF REVIEW—NECESSITY OF EXCEPTION.

Where the issue of plaintiff's negligence, in an action against a street railroad company, depended upon the charge as requested, the absence of an exception to its refusal or to the accompanying charge of the court should be disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

Jenks, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action by Isaac Willensky against the Nassau Electric Railroad Company. From a judgment in favor of the defendant, and from an order denying his motion for a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Samuel Fine, of New York City (Julius L. Pinnes, of New York City, on the brief), for appellant.

D. A. Marsh, of Brooklyn, for respondent.

PER CURIAM. [1] The motorman ordered the plaintiff to drive his horse across the track, and says that the accident happened because the plaintiff stopped on the track. The motorman knew the condition of his car and his ability to abate its speed so as to permit the execution of his order, and the jury should have been charged that, if the plaintiff crossed in obedience to the command, he was not negligent in so doing.

[2] There is no exception to the refusal or to the accompanying charge of the court, but, as the issue of the plaintiff's negligence depended upon the charge as requested, the absence of the exception should be disregarded.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur, except JENKS, P. J., who votes to affirm.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes